# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED DAVIS,<br><br>  Plaintiff,<br><br>  v.<br><br>K. ALLISON, R. GODWIN, and O. ONYEJE,<br><br>  Defendants. | Case No.  1:21-cv-00494-JLT-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL<br><br>(Doc. 22) |

The Magistrate Judge issued findings and recommendations, which concluded that Plaintiff's Second Amended Complaint should be dismissed for failure to state a claim.  (*See* Doc. 22.)  Plaintiff filed objections on November 8, 2023.  (Doc. 23).

The Court has conducted a de novo review of this case. (28 U.S.C. § 636(b)(1)(C).) Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.  The magistrate judge correctly found that the allegations in the Second Amended Complaint do not establish that any of the Defendants participated in, nor even were aware of, the decisions by prison staff to remove an inmate from quarantine early and place him in Plaintiff's cell.  (Doc. 22 at 6).  The Objections include new facts that are not included in the Second Amended Complaint as to the inmate's treatment by medical staff and placement in Plaintiff's cell.  (*See* Doc. 23 at 1-2).  Even assuming these allegations are true, they only implicate unspecified prison staff who are not named in this action,

1  and do not set forth constitutional violations by any of the Defendants.  The Objections also
2  allege for the first time that "most" inmates placed in D yard for quarantine were taken off
3  quarantine early "and placed against their will into inmates cell's [sic] who have not tested
4  possitive [sic]."  (Doc. 23 at 2-3). The Court declines to consider this vague assertion, made for
5  the first time in Plaintiff's Objections, which is unsupported by any details that would permit the
6  Court to infer personal knowledge.  *Graham v. Langford*, 2017 WL 3151232, at *1 (C.D. Cal.
7  July 24, 2017) ("[A] district court has discretion, but is not required, to consider evidence or
8  arguments presented for the first time in objections to a report and recommendation.") (citing
9  *Brown v. Roe*, 279 F.3d 742 (9th Cir. 2002) and *United States v. Howell*, 231 F.3d 615 (9th Cir.
10  2000)).  It is not the Court's role to request records of CDCR pertaining to Plaintiff and these
11  other unspecified inmates to validate Plaintiff's claims, as Plaintiff directs the Court to do in his
12  Objections.  (Doc. 23 at 4).
13      In his Objections, Plaintiff also reasserts that prison officials' failure to provide personal
14  protective equipment and cleaning supplies violated the Eighth Amendment.  (Doc. 23 at 2-3).
15  However, the magistrate judge properly found that such general allegations do not state an Eighth
16  Amendment claim, particularly when Plaintiff does not assert any facts linking the failure to
17  provide PPE and cleaning supplies with his purported injury.  (Doc. 22 at 6-7). For these reasons,
18  the Objections do not articulate a cognizable basis for rejecting the findings and
19  recommendations. Thus, the Court **ORDERS**:
20      1. The Findings and Recommendation, filed on October 13, 2023 (Doc. 22), are
21  **ADOPTED IN FULL**.
22      2. The action is **DISMISSED**.
23      3. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated:   **December 19, 2023**

UNITED STATES DISTRICT JUDGE

2